FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

99 AUG 24 AM 8:58

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| SOUTHERN NATURAL GAS COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. CV 99-L-1042-S |
| ) | |
| CULLMAN COUNTY; CULLMAN ) | |
| COUNTY COMMISSION; ) | |
| COMMISSIONER GEORGE SPEAR; ) | |
| COMMISSIONER FAYE WHISENANT; ) | |
| COMMISSIONER ROBERT HARBISON, ) | |
| ) | |
| Defendants. ) | |

ENTERED

AUG 24 1999

## MEMORANDUM OPINION

I.  Introduction

Currently pending before this court is a motion for summary judgment filed by plaintiff. The following paragraphs contain the items taken under submission through plaintiff's motion, defendants' response, plaintiff's reply, and this court's findings.

II. Declaratory Judgment

Plaintiff requests this Court to render a Declaratory Judgment pursuant to Count One of the Complaint that plaintiff has the right, under federal and/or state law, to use, cross, or bore under public roads when necessary, in the construction of its pipeline, provided that plaintiff places the public roads so crossed or used in conditions reasonably similar to their conditions prior to plaintiff's use.

2

Plaintiff has been issued a Certificate of Public Convenience and Necessity by the Federal Energy Regulatory Commission ("FERC") to construct a natural gas pipeline from Tuscaloosa to Huntsville and Decatur across seven Alabama counties. In order to construct its pipeline, plaintiff must, obviously, from time to time cross public roads. This may be effected by either boring beneath such roads or by digging a trench across the road and repairing the road to its previous condition. Plaintiff has received permits to cross public roads in Tuscaloosa, Fayette, Walker, Morgan and Limestone Counties. In contrast, the Cullman County Commission passed a resolution denying plaintiff's application for permits to construct its pipeline underneath Cullman County roads.

The court finds that the action of the Cullman County Commission in denying plaintiff's request for road crossing permits constitutes a collateral attack on the FERC's decision to issue plaintiff's Certificate of Public Convenience and Necessity and on the jurisdiction of this Court, and, unless remedied, would prevent the construction of the pipeline as effectively as a decision from either the FERC or this Court. *See Williams Natural Gas Co. v. City of Oklahoma City*, 890 F.2d 255 (10th Cir.), *cert. denied*, 497 U.S. 1003, 110 S. Ct. 3236, 111 L. Ed. 2d 747 (1989).

Additionally, ALA. CODE § 10-5-8(3) confers upon plaintiff a right to cross public roads in the State of Alabama that defendants may not disregard directly or through the use of unrequired conditions.

This Court finds no genuine issue of material fact and holds that plaintiff's request for Declaratory Judgment is due to be granted.

III.  INJUNCTIVE RELIEF

Plaintiff further requests that this Court issue an injunction pursuant to Count Two of the Complaint directing the Cullman County Commission to issue the requested permits, or in the alternative, directing defendants not to interfere with or impede in any way the free exercise of plaintiff's right to construct its pipeline beneath the public roads.

For the reasons previously discussed, the Court holds that defendants may not so interfere with plaintiff's construction of its pipeline.

IV.  COSTS

The Court finds that plaintiff is due to be awarded costs, including reasonable attorney fees under Rule 54, Fed. R. Civ. P. Plaintiff is hereby directed to submit an accounting for such costs within thirty days of the entry of this Memorandum Opinion and associated Final Judgment. Defendants will have seven days after the filing of plaintiff's accounting to respond only to the reasonableness of such costs. The Court will then take the matter under submission and award all reasonable costs associated with the prosecution of this case.

V.  CONCLUSION

In view of the foregoing discussion, the Court has found that there is no genuine issue as to any material fact and that plaintiff is entitled to judgment as a matter of law.

The Court has decided to grant plaintiff's motion for summary judgment and orders the declaratory and injunctive relief and costs sought in this action. A separate order of final judgment will be entered.

Done this 23 day of August, 1999.

Seybourn H. Lynne
Senior Judge

4